# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JAIME RENE LOPEZ-VAAL,<br><br>         Defendant. | Case No.: 3:16-cr-00995-GPC<br>      3:17-cv-00926-GPC<br><br>**ORDER REGARDING CERTIFICATE OF APPEALABILITY** |

On May 4, 2017, Defendant filed in this case a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his criminal sentence resulting from his conviction of violating 8 U.S.C. § 1326. (ECF No. 38.[1]) On January 24, 2018, this Court entered an order denying in part Defendant's motion. (ECF No. 49.) The Court found that the portion of Defendant's plea agreement that waived his ability to collaterally attack his sentence was effective except for any claims that his waiver of such right was not knowing and voluntary, or that he received ineffective assistance of counsel. (*Id.* at 8.) The Court rejected as implausible Defendant's claim that he did not knowingly and voluntarily relinquish his right to collaterally attack his sentence because at Defendant's

---

[1] Citations to the docket in this order refer to Defendant's criminal case docket, Number 16-cr-995.

change of plea hearing (during which a translator was provided for Defendant), Defendant indicated that the plea agreement was translated into Spanish and that he understood the waiver provision in the agreement. (*Id.* at 8–9.) The Court also rejected as implausible Defendant's assertion that the translator present during Defendant's change of plea hearing did not adequately perform translation services. (*Id.* at 9.)

The Court also rejected all but a portion of Defendant's ineffective assistance of counsel ("IAC") claim.[2] The Court found that Defendant's counsel had not performed unreasonably by not asserting an argument based on the fact that Defendant had not seen an immigration judge prior to the removal that served as the basis for his § 1326 violation because Defendant had not shown any reason to believe he was entitled to see an immigration judge prior to that removal. (*Id.* at 10–11.) The Court also found that Defendant's counsel had not performed unreasonably by not objecting to the consideration of Defendant's prior convictions. (*Id.* at 11–12.) Contrary to Defendant's argument, the Court concluded that the PSR did not need to offer judicially noticeable documents proving the validity of those underlying convictions. (*Id.*) Last, the Court found that Defendant's counsel had not performed unreasonably by failing to object to the use of his prior Minnesota felony as the predicate for an enhancement under USSG § 2L1.2(b)(3)(A) because there was no reason to consider the categorical or modified categorical approaches when applying that guideline. (*Id.* at 12.)

On January 29, 2018, Defendant filed a notice of appeal as to the aspects of his § 2255 motion for which the Court denied relief. (ECF No. 54.) On March 14, 2018, the

---

[2] The Court deferred a ruling as to the portion of Defendant's IAC claim relating to his assertion that his attorney refused to file a timely appeal. (*Id.* at 12–13.) The Court asked the government to indicate whether it objected to the Court vacating and re-entering the criminal judgment to permit Defendant to file a timely appeal pursuant to the procedure discussed in *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005). The government responded that it did not object. (ECF No. 50.) As a result, the Court vacated and re-entered the criminal judgment (ECF No. 51), and appointed counsel to Defendant (ECF No. 53). The same day, counsel filed a notice of direct appeal of Defendant's conviction and sentence. (ECF No. 56.)

Appellate Commissioner of the Ninth Circuit entered an order indicating that "[t]he district court has not issued or declined to issue a certificate of appealability in this appeal." (ECF No. 62 at 1.) The Ninth Circuit remanded the case to this Court "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience." (*Id.*)

This order serves as a response to that limited inquiry from the Ninth Circuit. Rule 11 of the Federal Rules Governing Section 2255 Cases states, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That occurs if Defendant "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes that no reasonable jurist could conclude that Defendant is entitled to relief under § 2255 on the grounds just described. As a result, the Court declines to issue a certificate of appealability.

The Clerk of Court is respectfully requested to send a copy of this order to the Ninth Circuit as a "Notice of Docket Activity."

**IT IS SO ORDERED.**

Dated: March 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge